**IN THE IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MICHAEL BOEHMER, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| VILLAGE OF MELROSE PARK, | ) | |
| OFFICER SANTILLAN #51, OFFICER | ) | |
| ROSSI, #91, OFFICER CODUTI, #92 | ) | |
| OFFICER BIANCHI, #62 AND | ) | |
| UNKNOWN MELROSE PARK POLICE | ) | |
| OFFICERS in their | ) | |
| individual capacities | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

Plaintiff Michael Boehmer (hereinafter, "Plaintiff"), for his complaint against

Defendants Village of Melrose Park, a municipal corporation, Officers Santillan, #51, Officer

Rossi, #91, Officer Coduti, #92, Officer Bianchi, #62 and Unknown Melrose Park Police

Officers, state the following:

**CAUSE OF ACTION**

1.      This is an action for damages, brought pursuant to 42 U.S.C. §§ 1983, 1985, 1986

and 1988, the Fourth Amendments to the United States Constitution, and under

the law of the state of Illinois, against the Village of Melrose Park, , Officers

Santillan, #51, Officer Rossi, #91, Officer Coduti, #92, Officer Bianchi, #62 and Unknown Melrose Park Police Officers (hereinafter "Defendant Officers"),

2. On May 13, 2023, Defendant Officers unlawfully and without justification viciously attacked Plaintiff, while Plaintiff was unlawfully detained during a traffic stop.

3. At some point after their vicious attack, Defendant Officers engaged in a cover up by holding and arresting Plaintiff, and charged him with Battery, three counts of Resisting a Police Officer, Aggravated Assault/ Public Property, Criminal Replica Firearm, Illegal Possession Cannabis Driver and Transportation of Alcoholic Beverages Open. At the time of this filing, five of the eight counts had been dismissed in criminal court.

4. Plaintiff alleges that these constitutional violations were committed as a result of the policies and customs of the Village of Melrose Park, Illinois.

5. As a result of the misconduct of the defendants, Plaintiff suffered severe personal, physical, and emotional injuries.

**JURISDICTION AND VENUE**

6. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 over Plaintiff's cause of action arising under the Constitution of the United States; 42 U.S.C. § 1983 and § 1988 (the Civil Rights Act of 1871); and the laws of the State of Illinois, to redress deprivations of the civil rights of the Plaintiffs, accomplished by acts and/or omissions of the Defendants and committed under color of state law.

7. This Court has supplemental jurisdiction over Plaintiff's causes of action arising under the Illinois state law pursuant to 28 U.S.C. § 1367.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391, in that all of the claims and events giving rise to this action occurred in this district.

## PARTIES

9. The Plaintiff, Michael Boehmer is a United States citizen and a resident of the State of Illinois, County of Cook.

10. At all relevant times herein referenced, Defendant Officers were employed by the Village of Melrose Park as sworn police officers. They are being sued in their individual capacities. At the time of the incident in this Complaint, Defendant Officers were engaged in the conduct complained of while acting within the scope of their employment and under color of state law.

11. At all relevant times herein, Defendant, Village of Melrose Park, was and is a municipal corporation duly incorporated under the laws of the State of Illinois and is the employer of the Defendants Officers.

## BACKGROUND

12. On May 13, 2023, Michael Boehmer, the Plaintiff, was a passenger in a vehicle with friends.

13. That vehicle was curbed for an unknown reason and all occupants were told to exit the vehicle, again for an unknown reason.  All four occupants of the vehicle complied and exited the vehicle.

14. After exiting the vehicle all the occupants were handcuffed. Yet instead of handcuffing each occupant individually they were all chained together reminiscent of long banned "chain gangs" used in the prison systems of the past. This was done to objectify, degrade and embarrass the Plaintiff and the other occupants of the vehicle.

15. Before getting handcuffed in a "chain-gang" fashion, the Plaintiff nor any of the other occupants of the vehicle engaged in any aggressive, violent or dangerous behavior towards any Melrose Park Police Officer nor towards any other general member of the public.

16. Several other officers arrived on scene after the four occupants were handcuffed even though no threatening behavior whatsoever had been displayed.

17. When the additional Melrose Park Police Officers arrived, one of the four occupants made an off-colored joke along the lines- "I just farted, you shouldn't come near me." The response given by a Melrose Park Police Officer was-"Shut the fuck up!" One of the occupants of the vehicle responded by saying – "Fuck you too."

18. The Melrose Park Police then began to brutally beat the Plaintiff. While Plaintiff was handcuffed and defenseless, the Plaintiff was repeatedly punched in the face and body until he slumped over and at which point he was kicked and punched by several Melrose Park Police Officers.

19. At no time did the Plaintiff engage in any conduct whatsoever with the Melrose Park Police Officers for them to use force, especially excessive force by members of the Melrose Park Police Department.

20. At no time ever was the Plaintiff engaged in any criminal activity while standing near a car he wasn't driving. Nor was the Plaintiff obstructing or threatening any of the members of the Melrose Park Police Department.

## UNPROVOKED ATTACKED OF PLAINTIFF

21. Defendant Officers descended upon the Plaintiff and almost immediately forcibly attacked the Plaintiff.

22. Several Defendant Officers repeatedly punched the Plaintiff in the face causing periorbital hematoma of both eyes that was visible in his custodial photo.

23. Several Defendant Officers punched the Plaintiff so much in his head and body that at some point he lost consciousness.

24. The Plaintiff did not lose consciousness long as he was forced up by further punches and kicks from Defendant Officers.

25. After being beaten to a pulp, handcuffs are placed tightly on the wrist of the Plaintiff digging into his skin and violently thrown into the back of Melrose Park Police Department police car.

26. The Plaintiff was beaten and bloodied yet never raised a hand or took an offensive action against of the Defendant Officers.

27. The Plaintiff had not disobeyed any lawful order given by the Defendant Officers during this entire reckless and cruel beating he received at the hands of the Defendant Officers.

28. While in the Defendant Officers squad car, the Plaintiff sat and waited as instructed by the Defendant Officers. As the Plaintiff sat in the car he was in pain and had visible injuries but received no treatment. Yet instead of receiving

treatment the Defendant Officer took the Plaintiff to the Melrose Park Police Department.

## THE AFTERMATH OF THE VICIOUS ATTACK

29. The Plaintiff was charged with Battery, three counts of Resisting a Police Officer, Aggravated Assault/ Public Property, Criminal Replica Firearm, Illegal Possession Cannabis Driver and Transportation of Alcoholic Beverages Open.

30. The Plaintiff had visible injuries and repeatedly told the Defendant Officers and other Melrose Park Police Officers about his immense pain and the need for medical attention but to no avail.

31. The Plaintiff was placed in a jail cell and charged with several crimes he did not commit in the attempt to cover the malfeasance and criminal activity of the Defendant Officers.

32. The Plaintiff had to wait in order to be released from the custody of the Melrose Park Police Department.

33. The criminal charges have still not been resolved.

34. Unfortunately, none of the Defenant Officers have been charged criminally in this matter as of yet.

35. Many of the Plaintiff's charges were dismissed without an apology or explanation.

36. The Plaintiff has endured and continues to endure lasting physical and emotional injuries related to the vicious attack. The Plaintiff has suffered permeant physical and emotional damage where the impact has caused a devasting blow to his working and performing simple everyday functions.

**MELROSE PARK POLICE DEPARTMENT PRACTICE OF DECIET AND COVER UP**

37. The Melrose Park Police Department not properly investigating and helping to cover the direct violation of the Plaintiff's constitutional rights was by no means in a vacuum.

38. It has been well documented via various matters in this court both criminal and civil that a culture of corruption continues to be pervasive as a matter of policy for the Melrose Park Police Department.

39. This incident exemplifies Melrose Park's willingness to extend their evil ring of influence continually to protect their own officers.

40. Even though obvious evidence of criminal activity by the Defendant Officers was present, the Melrose Park Police Department immediately arrested and violated the constitutional rights of the Plaintiff.

41. As a direct and proximate result of the willful, wanton and malicious actions of the Defendant Officers, the Plaintiffs suffered the following injuries and damages:

    a. Violation of his constitutional right under the Fourth Amendment to the United States Constitution;

    b. Loss of his physical liberty;

    c. Psychological abuse, mental coercion, physical injury and pain; and

    d. Mental and emotional trauma.

42. At all relevant times, all Defendant Officers were acting under the color of state law and under color of authority as police officers, employees, and agents or servants of the Village of Melrose Park.

## COUNT 1

### 42 U.S.C. §1983—Unlawful stop/ False Arrest and Excessive Force, all in violation of the Fourth Amendment
### (Against Defendant Officers)

43. Each paragraph of this Complaint is incorporated as if restated fully herein.

44. At the time of the complained of events, Plaintiff had a clearly established constitutional right under the Fourth Amendment to be secure in his person from unreasonable seizure through excessive force, false arrest or an unlawful stop.

45. Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

46. Defendant Officers actions and use of force as described herein, were objectively unreasonable in light of the facts and circumstances confronting them and were taken intentionally and with willful indifference to the constitutional rights of the Plaintiff.

47. Defendants Officers actions and use of force, as described herein, were intended to cause harm unrelated to any legitimate object of arrest or seizure.

48. Defendant Officers' actions of handcuffing the Plaintiff to other occupants of the vehicle where he was a passenger during a stop, punching and kicking the Plaintiff to the point where he lost consciousness, placing tight handcuffs on his wrists, forcibly placing him in a Melrose Park Police squad car, not investigating the cause of the Plaintiff's very visible injuries and not investigating allegations thereby forming their own probable cause all constituted an unreasonable stop and

seizure lacking in probable cause and thereby unreasonably restraining the Plaintiff of his freedoms.

49. As a direct and proximate consequence of said conduct of Defendants Officers, Plaintiff suffered violations of his constitutional rights, personal and physical injuries, monetary expenses, fear, emotional distress, and other injuries.

## COUNT II

### 42 U.S.C. §1985—Conspiracy to violate the Plaintiff's Fourth Amendment Right
### (Against Defendant Officers)

50. Each paragraph of this Complaint is incorporated as if restated fully herein.

51. Upon information and belief, some of the Defendant Officers conspired to deprive the Plaintiff of his constitutionally protected right to be free from unreasonable searches, seizures and excessive force in violation of the Fourth Amendment.

52. In planning and executing the violent and unreasonable arrest and attack of the Plaintiff and covering up the crimes some of the Defendant Officers acted in furtherance of that conspiracy and violated the Plaintiff's constitutional rights contrary to § 1985.

53. For instance, some of the Defendant Officers charged Plaintiff with several crimes in an attempt to cover up and justify other Defendant Officers violent and vicious attacks on the Plaintiff as well the subsequent inappropriate behavior of the Defendant Officers.

54. As a direct and proximate consequence of said conduct of the Unknown Defendant Officers, the Plaintiff suffered violations of his constitutional rights,

personal and physical injuries, monetary expenses, fear, emotional distress, and other injuries.

## COUNT III

### 42 U.S.C. §1986—Failure to Intervene
### (Against Defendants Officers).

55. Each paragraph of this Complaint is incorporated as if restated fully herein.

56. Other Defendant Officers had an affirmative duty to prevent the conspiracy as stated in Count II of this complaint, and its furtherance against the Plaintiffs under 42 U.S.C. § 1986.

57. Upon information and belief, some of the Defendant Officers stood by and watched as other Defendant Officers brutally beat the Plaintiff. Officers failed to step in as those sworn to protect and stop officers who used excessive force in an unlawful arrest thereby depriving the Plaintiff of his constitutionally protected right to be free from unreasonable searches, seizures and excessive force in violation of the Fourth Amendment.

58. That these Defendant Officers had a reasonable opportunity to prevent this harm and unlawful arrest to Plaintiff but failed to do so.

59. As a result of the Defendant Officers' failure to intervene to prevent the violation of Plaintiff's constitutional rights, Plaintiff suffered pain and injury, as well as severe emotional distress.

60. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

61. The above acts and omissions of the Defendant Officers violated the Plaintiff's rights as described in this Count.

62. As a direct and proximate consequence of said conduct of Defendant Officers, the Plaintiff suffered violations of his constitutional rights, personal and physical injuries, monetary expenses, fear, emotional distress, and other injuries.

**COUNT IV**
**42 U.S.C. §1986—Monell Claims**
**(Against City of Melrose Park).**

63. Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

64. The Village of Melrose Park has an unfortunate and infamous history of corruption and violating the rights of citizens.

65. The Melrose Park Police Department has cultivated a culture of deceit that has produced several indicted officers in a city with a population of less than 25,000 people.

66. The incidents described in the preceding paragraph demonstrate that it was the express or implied policy and/or custom of the Village of Melrose Park to use extraordinary, unjustified excessive force and deceit in any area in which a local mistake had to be covered up and hid.

67. The incidents described in the preceding paragraph also demonstrate that the police were instructed to attempt to protect the integrity of the Village of Melrose Park regardless of citizens' constitutional rights. Additionally, Melrose Park police officers knew that they would not face discipline for abusing or disregarding the constitutional rights of Citizens.

68. The above described polices and customs demonstrate a deliberate indifference on the part of the Village of Melrose Park, to the constitutional rights of persons within Cook County and were the cause of the violations of the Plaintiff's rights alleged herein.

**COUNT V**
**State Law Claim—Intentional Infliction of Emotional Distress**
**(Against Defendant Officers & Village of Melrose Park)**

69. Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

70. The acts and conduct of the Defendant Officers as set forth above were extreme and outrageous. The Defendant Officers intended to cause or were in reckless disregard of the probability that their conduct would cause, severe emotional distress to the Plaintiff, as is more fully alleged above.

71. Said actions and conduct did directly and proximately cause severe emotional distress to the Plaintiff, and thereby constituted intentional infliction of emotional distress.

72. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of the Plaintiff.

73. In committing the acts alleged in the preceding paragraphs, each of the Defendant Officers were members of, and agents of, the Melrose Park Police Department acting at all relevant times within the scope of employment and under color of law.

74. Defendant Village of Melrose Park is liable as principal for all torts committed by its agents including the Melrose Park Police Department.

75. In consequence thereof, Defendant, Village of Melrose Park is liable to Plaintiff under Illinois law, pursuant to the doctrine of *respondeat superior*.

76. As a proximate result of Defendant's wrongful acts, Plaintiff suffered damages, including severe emotional distress and anguish, as is more fully alleged above.

77. The acts and conduct of the Defendant Officers as set forth above were extreme and outrageous. The Defendant Officers intended to cause or were in reckless disregard of the probability that their conduct would cause, severe emotional distress to the Plaintiff, as is more fully alleged above.

78. Said actions and conduct did directly and proximately cause severe emotional distress to the Plaintiff, and thereby constituted intentional infliction of emotional distress.

79. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of the Plaintiff.

**COUNT VI**
**State Law Claim—Battery**
**(Against Defendant Officers & Village of Melrose Park)**

80. Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

81. The actions of the Defendant Officers in using excessive force and as described in the preceding paragraphs, were undertaken intentionally, without the consent and against the will of the Plaintiff and resulted in harmful and/ or offensive contact with the bodies of the Plaintiff.

82. The actions of the Defendant Officers constituted battery against the Plaintiff under Illinois law and were undertaken without legal justification.

83. In committing the acts alleged in the preceding paragraphs, each of the Defendant Officers were members of, and agents of, the Melrose Park Police Department acting at all relevant times within the scope of employment and under color of law.

84. Defendant Village of Melrose Park is liable as principal for all torts committed by its agents including the Melrose Park Police Department.

85. In consequence thereof, Defendant Village of Melrose Park is liable to Plaintiff under Illinois law, pursuant to the doctrine of *respondeat superior*.

86. As a proximate result of Defendants' wrongful acts, Plaintiff suffered damages, including severe emotional distress and anguish, as is more fully alleged above.

**COUNT VII**
**State Law Claim—Assault**
**(Against Defendant Officers & Village of Melrose Park)**

87. Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

88. The actions of the unknown Defendant Officers in using excessive force against the Plaintiff as described in the preceding paragraphs placed the Plaintiff in reasonable apprehension of receiving imminent physical harm or contact.

89. The actions of the Defendant Officers constituted assault against the Plaintiff under Illinois law and were undertaken without legal justification.

90.    In committing the acts alleged in the preceding paragraphs, each of the Defendant Officers were members of, and agents of, the Melrose Police Department acting at all relevant times within the scope of employment and under color of law.

91.    Defendant Village of Melrose Park is liable as principal for all torts committed by its agents including the Melrose Park Police Department.

92.    In consequence thereof, Defendant Village of Melrose Park is liable to Plaintiff under Illinois law, pursuant to the doctrine of *respondeat superior*.

93.    As a proximate result of Defendants' wrongful acts, Plaintiff suffered damages, including severe emotional distress and anguish, as is more fully alleged above.

## COUNT VIII
### State Law Claim—False Imprisonment
### (Against Defendant Officers & Village of Melrose Park)

94.    Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

95.    The actions of Defendant Officers in using excessive force against the Plaintiff as described in the preceding paragraphs, and forcefully arresting the Plaintiff, caused a restraint of the Plaintiff without reasonable grounds to believe that the Plaintiff was committing an offense.

96.    The actions of the Defendant Officers constituted false arrest against the Plaintiff under Illinois law and were undertaken without probable cause.

97.    In committing the acts alleged in the preceding paragraphs, each of the Defendant Officers were members of, and agents of, the Melrose Park Police Department

acting at all relevant times within the scope of employment and under color of law.

98. Defendant Village of Melrose Park is liable as principal for all torts committed by its agents including the Melrose Park Police Department.

99. In consequence thereof, Defendant Village of Melrose Park is liable to Plaintiffs under Illinois law, pursuant to the doctrine of *respondeat superior*.

100. As a proximate result of Defendants' wrongful acts, Plaintiffs suffered damages, including severe emotional distress and anguish, as is more fully alleged above.

## COUNT IX
## Indemnification Pursuant to 745 ILCS 10/9-102
## (Against the Village of Melrose Park)

101. Each paragraph of this Complaint is incorporated as if restated fully herein.

102. The misconduct of all Defendants Officers were committed in the scope of their employment with the Defendant Village of Melrose Park.

103. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-402, Village of Melrose Park is liable for any judgments for compensatory damages in this case arising from the actions of all Defendants Officers.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs demand the following relief, jointly and severally, against all the Defendants:

A. Compensatory damages with respect to all counts.

B. Punitive damages with respect to all Defendant Officers in their individual capacities.

C.    Attorney's fees pursuant to 42 U.S.C. § 1988. Award Plaintiff's counsel reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988 and any other applicable provisions of law.

D.    Such other and further relief as this Court may deem appropriate under the circumstances.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial, pursuant to the Seventh Amendment to the Constitution of the United States, as to all claims for damages.

Respectfully submitted,

/s/ *Shay T. Allen*

Shay T. Allen
S.T. Allen Law, P.C.
314 N. Loomis St.,
Suite G2
Chicago, IL 60607
Tel: (708) 960-0113
Fax: (708) 575-1778
Attorney No: 6285625
email: sallen@attorneyshaytallen.com